### 6538

### SMALL v. USHER.

1. NOTICE OF APPEAL from order on merits may be given within time after filing second and last order when such final order is not administrative of the first order, but also involves the merits.

2. HOMESTEAD.—A distributee cannot claim homestead in his share against amount found due by him to the estate.

3. THE ASSIGNEE OF A JUDGMENT takes it subject to whatever equitable set-off may exist between judgment debtor and creditor.

4. SETTLEMENT OF INTERSTATE ESTATES.—In order to make an equitable settlement of all the claims in the settlement of a complicated estate, value of property found to have been converted by two distributees divided between them, and amount charged to each as payment by administrator, and amount charged to one credited on judgment obtained by him against estate and held by assignee before the Court.

Before PURDY, J., September, 1905; and KLUGH, J., March, 1906, Lancaster.    Modified.

Action by Emma A. Small, administratrix of S. E. Usher, J. H. and E. J. Usher.    From Circuit orders, defendants appeal.

*Messrs. Green & Hines,* for appellants, cite: *Appeal lies from the first order after filing of second:* 17 S. C., 150. *Distributee should not be charged with rents on his share of lands:* 38 S. C., 469; 33 S. C., 255.

*Messrs. R. E. Wylie* and *R. B. Allison,* contra.    No citation.

May 2, 1907.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    This is an action for an accounting and settlement of the estate of S. E. Usher, who departed this life on the 27th of August, 1902, leaving as his heirs at law his widow, the defendant E. J. Usher, and his

children, two of whom are the defendant, J. H. Usher, and the plaintiff, Emma A. Small.

The following claims were established against the estate: Judgment for costs in the case of Am. F. L. Mortgage Co., $254.85; W. P. Davis Mortgage, $519.00; plaintiff's attorney's fee, $400.00; order for judgment in the case of *McManus* v. *S. E. Usher*, assigned by McManus to E. J. Usher in 1902; by E. J. Usher to J. H. Usher on the 22d of January, 1903; and by J. H. Usher to Messrs. Green & Hines, on the 7th of March, 1903.

His Honor, Judge Purdy, who first rendered a decision upon the merits, found that the defendants, E. J. Usher and J. H. Usher, were indebteded to the estate in the sum of $1,480.00 for personal property belonging to the estate which they converted to their own use, and for rents and profits of the land for the years 1903 and 1904, and ordered that judgment be entered against them for said amount, after deducting certain sums for advancements made by them in behalf of the estate. He also adjudged that this sum should be paid before said defendants could participate in the distribution of the proceeds of the estate.

"The lands described in the complaint were sold by the sheriff under the decree of Judge Purdy, and such part of the funds as were directed to be disbursed by him were paid to the parties entitled thereto. There was left in the hands of the sherif the sum of $419.45; and the sum of $1,153.48 was paid to the administratrix by the sheriff pursuant to the said decree, and also $200.00 as rents for the year 1905, paid to her by W. J. Cunningham as receiver, which said sum the sheriff and the administratrix now hold in their hands under the order of Judge Purdy pending this appeal."

The questions involved relate to the proper distribution of these sums.

Before proceeding to consider the exceptions, it will be necessary to dispose of a motion to dismiss the appeal on the ground that it was not served within the time required

8—77

by law.    The decree of Judge Purdy was filed on the 27th of September, 1905, and on that day the plaintiff's attorneys served upon the defendants' attorneys notice in writing of such filing.   The defendants did not give notice of intention to appeal within ten days after said notice, but on the 30th of October served notice of intention to appeal, both from the decree of Judge Purdy and the order of Judge Klugh, which notice was promptly returned, on the ground that the time for appealing had expired.

The decree of Judge Purdy would have been final if it had disposed of all questions in the case except those which were administrative in character.    *In re Garrett* v. *Dial,* 13 S. C., 259; *Addicks* v. *Allison & Bratton,* 21 S. C., 259, Judge Purdy's decree provides for a further reference to determine certain facts as follows: "In reference to the rents for the year 1905, from the very nature of the case there has been no testimony concerning this, and, as to that, it is ordered that it be referred to Paul Moore, Esq., to ascertain what would be a fair rental for so much of the land as may have been used by the defendants, E. J. Usher and J. H. Usher, or either of them, during the present year; and also whether they had rented any of the land to the other parties, and the rents received or contracted to be received for the same."    The decree further left it open for Mrs. E. J. Usher to assert her claim of homestead in the proceeds of the real estate to be paid into the hands of the administratrix under the order, and also left it open for Messrs. Green & Hines, subject to the claim of homestead, to assert their rights as assignees of the McManus judgment against said proceeds of the real estate.

The questions referred did not relate to the administration of the estate, but involved the merits in the same manner as the questions of fact which were referred in the first instance, and the parties had the right to wait for a final decision before appealing from Judge Purdy's order.    The motion to dismiss the appeal must therefore be refused.

The first question we notice is whether there was error in the ruling that E. J. Usher was not entitled to homestead until the judgment recovered against her by the administratrix for the conversion of the property was paid.

In discussing the right of retainer, the Court, in the case of *Wilson* v. *Kelly,* 16 S. C., 216, 219, used this language: "This, as was held by Chancellor Walworth, in *Smith* v. *Kearney,* 2 Barb. Ch., 533, is not a mere question of set-off, but of equitable right of retainer which depends upon the principle that the legatee or distributee is not entitled to his legacy or distributive share while he retains in his own hands a part of the fund out of which that and other legacies and distributive shares ought to be paid. In other words, as that distinguished chancellor in substance said, the legatee or distributee in such case seeks to obtain a portion of the fund which the testator or letters of admininstration placed in the hand of the executor or the administrator for the purpose of paying debts and legacies or distributive shares, while such legatee or distributee, by withholding payment of the debt due by him, diminishes the fund to that extent. It is therefore manifestly against conscience that he should receive anything out of the fund without deducting therefrom the portion of that fund already in his hands in the form of a debt due by him to the estate."

The defendant was not entitled to a distributive share until she accounted for that part of the estate which she had converted to her own use. The homestead laws simply allow an exemption, but do not create a new right or estate. Therefore, she could only claim a homestead in the amount found to be her distributive share after the accounting. However, under the view we hereinafter take, the matter of homestead will cease to be material.

The next of the exceptions that will be considered is that which assigns error on the part of his Honor, Judge Klugh, in finding as a fact that the conversion of the personal prop-

erty by said defendants antedated the assignment of the McManus claim to Green & Hines, on the 7th March, 1903.

It appears to us that it would be doing Judge Klugh injustice to hold that he committed error in saying, "that the conversion of this personal property by the defendants, Eliza J. Usher and J. H. Usher, antedated the assignment of the McManus claim by J. H. Usher to Messrs. Green & Hines," on the ground that the liability of E. J. Usher and J. H. Usher for rents of 1903 and 1904 could not possibly antedate an assignment made March 7th, 1903. Judge Klugh well knew the date of the assignment, and it would seem clear that he referred to the conversion of the personal property, consisting of household furniture, farm stock and implements, and stock and merchandise belonging to the estate of S. E. Usher at the time of his death, August 27th, 1902, and not to the rents for the years 1903 and 1904. This is manifest by his previous reference to the judgment of Judge Purdy as showing the liability of E. J. Usher and J. H. Usher to the estate for conversion to be $1,480.00, as to which he said: "This embraces the recovery *for specific items of personal property converted by these two defendants* and rents for the lands for the years 1903 and 1904." The real thought in the mind of Judge Klugh will be better understood by reference to these facts collected from the record: The McManus claim against the estate of S. E. Usher was for $496.13, with interest from January 17th, 1895, and when this claim was assigned by J. H. Usher to Messrs. Green & Hines, on March 7th, 1903, there was due thereon $778.78; and at the time of the decree of Judge Purdy, September 22d, 1905, the amount due thereon was $848.00. At the time of this assignment the personal property of the estate of S. E. Usher (not including rents for 1903 and 1904) converted by E. J. Usher amounted to $968.85, less $118.66, allowed by the referee as representing amounts paid out by them for debts of the estate—that is to say, $850.19. It thus appears that at the

time of the assignment to Messrs. Green & Hines the assignor was indebted to the estate of S. E. Usher for a greater sum than the estate of S. E. Usher owed him under the McManus claim. The record further shows that Messrs. Green & Hines, as attorneys for J. H. Usher, put in his answer alleging J. H. Usher's ownership of this McManus claim, and set the same up as a valid judgment lien against the estate of S. E. Usher, and claimed that it should be paid first out of the proceeds of any sale of the real estate, if such should be ordered. This answer was prepared, so fas as appeared, within twenty days from the date of service of summons and complaint, on February 10th, 1903, so that the assignment was made after issue joined, and, of course, with knowledge of Messrs Green & Hines that they must hold the same subject to whatever equitable set-off might be established against their assignor and client in these proceedings. The claim of Messrs. Green & Hines, as assignees of J. H. Usher, could not be in any better plight than if asserted by the plaintiff himself.

The next question is whether there was error in ordering that the funds in the hands of the administratrix be disbursed among the heirs at law before the claim of Green & Hines was adjusted and without making any provision therefor. It appears to us that the exceptions are broad enough to give this Court latitude to adjust the equities in this somewhat complicated case and formulate the true method of distribution.

As the case now stands Mrs. E. J. Usher, the widow, is said to be entitled to $1,290.13, as her distributive share, but that no part must be paid to her until she and J. H. Usher pay to the administratrix the $1,480.00 and interest, adjudged against them for conversion of estate property. If, therefore, J. H. Usher should fail to aid in this payment, Mrs. Usher could never receive her distributive share and the funds now in the hands of the administratrix would remain there forever, undisturbed, and if the $1,480.00 and interest should be paid to the administratrix, that would

necessarily constitute a fund of the estate which should be distributed. Furthermore, the failure to pay the $1,480.00 to the administratrix is an obstacle to the adjustment of the equity of Green & Hines as assignees and creditors under the McManus claim. To relieve these apparent hardships a plan of distribution should be adopted which would treat the $1,480.00, liability of E. J. and J. H. Usher to the estate, as an asset of the estate, as it may be fully collected for the estate in these proceedings out of the interest of the parties in the estate funds. Under this plan the estate of S. E. Usher now consists of $1,153.48 in the hands of the administratrix, being eleven-fifteenths of the net proceeds of the real estate; $419.45 in the hands of the sheriff, being four-fifteenths of the net proceeds of the real estate; $200.00 rents for the year 1905, paid to the administratrix by the receiver; and $1,450.00, with interest from March 16th, 1905, representing the judgment for the converted property. Besides some administration expenses, the only debt outstanding is the McManus claim.

Now, in the absence of evidence showing a more equitable division of liability, it may be fairly concluded that E. J. Usher and J. H. Usher should each account for one-half of the $1,480 debt due by them jointly to the estate, $740, and interest. This is the smallest sum, less than the whole, for which J. H. Usher could be held liable, and therefore meets every equity that might be asserted in favor of Green & Hines as assignees. Therefore, let J. H. Usher pay to the administratrix $740 and interest from March 16, 1905, or what is equivalent; let the McManus claim be treated as credited with that sum, and let Green & Hines, as assignees, be paid the remainder from the funds of the estate. Then let Mrs. E. J. Usher pay to the administratrix $740, and interest from March 16, 1905, or what is equivalent charge her with that sum in the final distribution.

The judgments under appeal are modified in accordance with the views herein announced, and in other respects they are affirmed.