9960

TEDDER *ET AL.* v. TEDDER *ET AL.*

(96 S. E. 157.)

1. BASTARDS — CONVEYANCE VIOLATIVE OF BASTARDY ACT — RIGHT TO SHARE IN RENTS AND PROFITS.—Where plaintiffs had no cause of action to set aside deeds made in violation of the bastardy act (Civ. Code 1912, sec. 3454) until the grantor's death, their right to share in the rents and profits of the land accrued at the same time as their right to the land itself, and they are entitled to an accounting therefor from that date, and not from the date of the conveyances to defendants.

2. JUDGES—CIRCUIT COURT—JURISDICTION TO VACATE ORDER.—After a Judge of the Circuit Court had left the Circuit, he had no jurisdiction

to vacate his order in an action, and the proper way for plaintiffs to have had an error corrected was to serve notice on defendants that they would consent to an order making the correction, and if defendants did not accept offer, but appealed from order, and Supreme Court corrected it and found no other error, defendants would be liable for costs of appeal.

3. PARTITION—IMPROVEMENTS BY TENANT—RENTS AND PROFITS.—Where one tenant in common, acting in good faith, makes improvements on a particular part of the common property, in a partition in kind thereafter had, such part should be set off to him if possible without material injury to the rights and interests of the other cotenants, but, if that cannot be done, he is generally, though not always, entitled to the benefit of his betterments in ascertaining the interests of the parties in the distribution of the proceeds of sale, depending on the equities growing out of the circumstances, but at any rate he is entitled to have them taken into consideration in accounting for rents and profits.

4. PARTITION—REFERENCE.—In a suit to cancel deeds from the grantor to his illegitimate children so far as they conveyed more than a quarter of his estate, and to partition lands affected by such deeds, all the issues of law should have been referred to the master to report his findings and conclusions, with leave to report on any special matter arising in the case, so that a final judgment determining all the rights and interests of the parties could have been made, which is proper procedure in the majority of cases in equity, where there are numerous issues of law and fact growing out of the pleadings and arising incidentally.

5. PARTITION—RECEIVER.—In such suit, where there was no showing that, after the decision of the Supreme Court in favor of plaintiffs, defendant cotenants in possession, who were insolvent, refused to allow plaintiffs to have possession of three-quarters of the land, or to secure payment to them of their proper proportion of the rents and profits pending further progress of the suit, receiver of the land should not have been appointed, it being within the power and discretion of the Court to grant plaintiffs a less drastic and expensive, but equally effective, remedy.

Before R. C. WATTS, Associate Justice, and MEMMINGER and SPAIN, JJ., Darlington, —, 1917.

Motion to vacate orders of supersedas refused. Motion to dismiss appeals from orders of Memminger and Spain granted.

Action by R. Furman Tedder and others against Wm. Tedder and others. From orders of the Circuit Court, defendants appeal; orders of supersedeas being made by Mr. Associate Justice Watts. Plaintiffs moved to vacate the orders of supersedeas and to dismiss defendants' appeals.

*Messrs. Geo. W. Brown* and *Frank A. Miller,* for the motion, submit: *Appellants are not aggrieved by the order of his Honor, Judge Memminger, dated 22 January, 1918, and cannot, therefore, appeal:* 2 R. C. L. 52, *et seq.;* 119 Am. St. Rep. 747, and note; 3 Corpus Juris 629; 52 S. C. 292; 15 Enc. Pl. and Pr. 336; Code of Procedure, sec. 375; 21 S. C. 11; 65 S. C. 573. *Judge Memminger's order of November 14, 1917, is not appealable:* 84 S. C. 40; 101 S. C. 358; 2 Encyc. Pl. & Pr. 96; 15 Encyc. Pl. & Pr., footnote on page 357; 2 Cyc. 621; 3 Corpus Juris 608; 84 S. C. 100; 86 S. C. 251; 99 S. C. 475; 88 S. C. 460; 87 S. C. 369; 101 S. C. 358; 108 S. C. 206; 65 S. C. 574; 68 S. C. 41; 76 S. C. 192; 15 Enc. Pl. & Pr. 330; 107 S. C. 216. *The order of supersedeas should be vacated:* 92 S. C. 488; 87 S. C. 301; 67 S. C. 236; 45 S. E.153; 49 S. C. 324; 27 S. E. 100; 49 S. C. 385; 27 S. E. 385. *The appeals are frivolous:* Code of Procedure, section 11, subdiv. 1; 36 S. C. 174; 36 S. C. 572; 108 S. C. 289.

*Messrs. E. O. Woods, Dargan & Dargan* and *Geo. H. Edwards, contra* (oral argument).

April 10, 1918.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This is a motion by plaintiffs to vacate several orders of supersedeas granted by Mr. Justice Watts, and to dismiss the defendants' appeals from the orders of the Circuit Court

which were superseded. In their efforts to speed the cause, plaintiffs proceeded somewhat irregularly, with the result, not unusual in such cases, that they have brought about confusion and delay.

The opinion and judgment of this Court, which determined certain issues in the cause and remanded it to the Circuit Court for further proceedings not inconsistent with the views announced by this Court, were filed in the Circuit Court on November 13, 1917. On the next day plaintiffs obtained from Judge Memminger, who was then presiding in the Circuit Court at Darlington, an *ex parte* order, which recites that this Court held that the several deeds of William Tedder, Sr., to his illegitimate sons named, are void as to three-fourths of the value of the land attempted to be conveyed to each, and, therefore, the legitimate heirs of said grantor are tenants in common of the lands with the several grantees in the proportions of three-fourths to one-fourth, and that it, therefore, appears that the heirs of said grantor are entitled to an accounting from the several grantees for rents and profits received *since the date of the conveyance to them respectively,* and refers it to the master to take and report the testimony as to the practicability of a partition in kind, and as to rents and profits received by the several defendants *since the date of the several conveyances to them respectively,* or, in case of a failure of proof as to such rents and profits, then as to rental value.

From this order defendants appealed, and, as plaintiffs were attempting to hold references under it, defendants obtained from Mr. Justice Watts an order of supersedeas. Defendants proceed to perfect their appeal, and served their proposed case, to which plaintiffs proposed amendments, which defendants declined to allow, and served notice of a motion to settle the case before Judge Memminger, on January 22, 1918, at Charleston, his Honor having previously left the Fourth Circuit. In response to this notice,

plaintiffs served notice on defendants that they would move before Judge Memminger to vacate his order of November 14th.

On hearing the motion, Judge Memminger passed an order, dated January 22d, vacating his order of November 14th, and refusing to settle the case for appeal from that order, holding that, as the order was vacated, the further prosecution of the appeal was useless, as it could result in nothing more than a decision that the order vacated was erroneously granted. From this order defendants appealed, on the grounds that his Honor, having left the Circuit, had no jurisdiction to vacate his order of November 14th, and erred in refusing to settle the case for appeal therefrom.

In the meantime, and pending the running of the notice of the motions before Judge Memminger, plaintiffs served notice on defendants that, if Judge Memminger should vacate his order of November 14th, they would move before Judge Spain, the resident Judge of the Circuit, on January 23d, for an order of reference, a copy of the proposed order being served with the notice. The defendants appeared before Judge Spain and objected to the proposed order, on the ground that it was too limited in the scope of the issues upon which testimony could be taken by the master under it, stating that they wished the order made broad enough, in specific terms, to allow them to introduce evidence of betterments. The Judge made some change in the wording of the proposed order, under which he thought defendants would be allowed to offer such testimony, and signed it. From that order defendants appealed.

On January 25th, on motion of plaintiffs, Judge Spain passed another order appointing a receiver, who was ordered to take possession of the lands in dispute, rent the same, and collect the rents, and defendants were ordered to surrender possession thereof to him, and enjoined from interfering with him or the property during the continuance of the

receivership. The order appears to have been made upon the sole ground that defendants, who are in possession, are insolvent. From that order defendants appealed.

On February 22d, on motion of defendants, Mr. Justice Watts passed an order superseding both of Judge Spain's orders, except as to the taking of testimony. As already stated, this is a motion of plaintiffs to vacate the orders of supersedeas granted by Mr. Justice Watts, and also to dismiss the defendants' appeals from the several orders mentioned on the grounds stated in the record, which we shall consider without specific reference to them.

First, as to the orders of Judge Memminger: It is practically conceded by all parties, and by the learned Judge himself, that his order of November 14th was erroneous. This Court held that plaintiffs had no cause of action to set aside the deeds made in violation of the bastardy act until the death of the grantor. It follows that their right to share in the rents and profits of the land accrued at the same time with their right to the land, and that they are entitled to an accounting therefor from that date and not from the date of the conveyances, as stated in the order of his Honor. Clearly, therefore, that part of the order was appealable, though not necessarily immediately so, as it could have been reviewed on appeal from the final judgment.

The next question is, Did Judge Memminger have jurisdiction to vacate his order? Clearly he did not, as he had left the Circuit. The proper way for plaintiffs to have had the error corrected was to serve notice on defendants that they would consent to an order making the correction. If the offer had been accepted, either the resident or presiding Judge of the Circuit could have passed the necessary order making the correction. And if the offer had not been accepted, plaintiffs would have had the right to have their consent made a part of the case for appeal, in

which event, if no other error were found, appellants would have had an order of this Court making the correction, but they would have had to pay the costs and disbursements of the appeal, because they would have gained nothing more by it than respondents had offered and consented to allow them.

It follows that although Judge Memminger had no jurisdiction to vacate his order, defendants can take nothing by their appeal from it, since plaintiffs have consented of record that it be vacated, and, therefore, the appeals from the several orders of Judge Memminger are dismissed.

Judge Spain's order of reference should have been broad enough in scope to allow defendants to introduce testimony as to betterments made by them upon the lands. It is too well settled to require citation of authority that where one tenant in common, acting in good faith, makes improvements on a particular part of the common property, in partition in kind thereafter had, that part should be set off to him, if it can be done without material injury to the rights and interests of his cotenants. But if that cannot be done, for the reason stated, he is generally, though not always, entitled to the benefit of his betterments in ascertaining the interests of the parties in the distribution of the proceeds of sale; whether he is so entitled or not depends upon the equities growing out of the circumstances. And, in any event, he is entitled to have them taken into consideration in the accounting for rents and profits.

In a case like this, all the issues of law and fact should have been referred to the master to report his findings and conclusions, with leave to report upon any special matter arising in the case, so that a final judgment, determining all the rights and interests of the parties, could have been made. We have frequently called attention to the inconvenience, difficulties, and sometimes delays that arise from a too restricted order of reference; as, for example, an order merely to take and report the tes-

timony. In a limited class of cases, where only formal proof is required, and, perhaps, in others, for special reasons not necessary here to be mentioned, such an order may be proper. But in the majority of cases in equity, where there are numerous issues of law and fact, growing out of the pleadings and arising incidentally in the progress of the case and depending upon each other, as they frequently do, and especially when the testimony of the witnesses is conflicting upon the issues of fact, the better practice, and that which has been found most satisfactory to the Circuit Court and to this Court, is to refer all the issues for the master's findings and conclusions, with leave to report upon any special matter. This case illustrates the propriety of such an order, as no final judgment can be made until the issues made by defendants as to their right to partition in kind, and how the same, or the distribution of the proceeds of sale, if partition in kind cannot be made, may be affected by the improvements, if any, made by them, and also the effect thereof upon the accounting for rents and profits.

We consider next the order of Judge Spain appointing a receiver. Without elaborating, the showing made was not sufficient to authorize the appointment of a receiver, so as to turn out the cotenants in possession, whose insolvency alone does not justify so drastic a remedy. There is no showing that, after the decision of this Court, they refused to allow their cotenants to have possession of three-fourths of the land, or to secure payment to them of their proper proportion of the rents and profits pending the further progress of the suit. It was within the power and discretion of the Court to grant plaintiffs a less drastic and less expensive, but equally effective, remedy to secure their rights, upon a proper showing therefor.

It follows from what has been said that Mr. Justice Watts properly superseded the orders appealed from, and, therefore, the motion to vacate his orders is refused. It follows,

also, that, as it has been made necessary for us to consider and decide the merits of the appeals from the orders of Judges Memminger and Spain in the consideration of the motion to vacate the orders of Mr. Justice Watts, there is no longer any reason for the prosecution of the appeals. It is, therefore, ordered that the several appeals be, and they are hereby, dismissed, and the case is remanded to the Circuit Court, with directions to proceed according to the views herein announced and those announced in the opinion heretofore rendered by this Court.

Appeals dismissed.