## 10490

### TEDDER *ET AL.* v. TEDDER *ET AL.*

(104 S. E. 318.)

1. APPEAL AND ERROR—DECLARATION OF ERROR IN OPINION AND MANDATE MAKES DISTINCT REVERSAL UNNECESSARY.—An opinion unequivocally declaring error in orders below ·renders unnecessary a distinct judgment of reversal, or modification, especially in view of a mandate to proceed according to the views announced.

2. APPEAL AND ERROR—COURT ON REMAND SHOULD HAVE RECOMMITTED CASE TO REFEREE.—Where the necessary effect of an appellate decision was to vacate a lower Court's order appointing a receiver and enlarge the scope of the reference order to permit defendant's evidence of betterments to lands sought to be partitioned, it was error to deny defendant's motion to recommit to referee to take such evidence.

3. APPEAL AND ERROR—PLAINTIFFS MAY NOT COMPLAIN OF DEFENDANTS' FAILURE TO FORCE PROCEEDINGS AFTER MANDATE.—It is incumbent on all parties, including the trial Court, to require further proceedings according to mandate, and was no more obligatory on defendants than on plaintiffs to call for prompt hearing, so that plaintiffs, primarily the actors, could not complain of defendants' delay.

4. APPEAL AND ERROR—AS REGARDS COMPLIANCE WITH MANDATE ORDER OF REFERENCE NOT BROAD ENOUGH TO REQUIRE EVIDENCE OF BETTERMENTS.—In a partition suit plaintiffs' contention to obviate refusal of Court to recommit to referee on remand that some testimony as to betterments was taken without objection, and other testimony defendants desired thereon would have been taken under the reference order, is not well taken, where there was doubt as to the order being broad enough, and a motion to specifically allow such evidence was refused, and the order modified by giving "leave to report testimony in relation to any special matter arising under the decision of the Supreme Court herein," which decision did not relate to betterments.

5. APPEAL AND ERROR—IN PARTITION TESTIMONY OF ACTUAL VALUE OF BETTERMENTS NECESSARY, SO THAT COURT ERRED IN REFUSING REFERENCE AFTER REMAND.—In a partition suit, it was error to conclude defendants would suffer no prejudice from refusal to recommit for further testimony as to betterments, evidence of which was before the Court for determining rents and profits, where there was no testimony of actual value of improvements.

6. PARTITION—ALLOWING IMPROVEMENTS ON CERTAIN TRACTS TO AFFECT AVERAGE RENTAL WHERE ALL GRANTEES NOT TENANTS IN COMMON IS ERROR.—Where plaintiffs and the grantee of each tract were tenants in common of that tract, but the grantees of different tracts were not tenants in common with each other, it was error, in determining mode of partition, to allow the improvements on some of the tracts to affect the average rental value upon all in a partition suit.

7. PARTITION—IN DETERMINING MODE OF PARTITION, HELD THAT PARTIES SHOULD NOT BE TREATED AS COTENANTS OF ENTIRE TRACT.—In determining whether a partition in kind was practicable, it was error to consider several tracts as an entire body and all the plaintiffs and defendants as cotenants therein, where all were not cotenants in each of the tracts.

8. PARTITION—STATUTORY POWER OF COURT TO DECIDE PRACTICABILITY OF PARTITION IN KIND.—Issuance of a writ in partition is not necessary to determine whether partition in kind is practicable, in view of Civ. Code 1912, section 3525, expressly giving the Court the same power to decide the issue upon testimony as have commissioners in partition.

9. PARTITION—ISSUE OF HOMESTEAD NEED NOT BE SENT TO REFEREE.—A homestead claim in a partition suit is an issue of law for the Court's decision, and need not be sent to a referee.

10. PARTITION—RIGHT NOT DEFEATED BY COTENANTS' HOMESTEAD CLAIM.—A claim of homestead will not defeat cotenants' right to partition for accounting for rents and profits; their right requiring equitable adjustment.

Before McIVER, J., Darlington, Summer term, 1918. Modified.

Action by John D. Tedder *et al.* against William Tedder, Jr., *et al.* From judgment for plaintiffs, the defendants appeal.

*Messrs. E. O. Woods* and *George H. Edwards,* for appellants, cite: *Order of reference of Judge Spain having been set aside by this Court, it was error to hear the case on the testimony taken under such order of reference:* 109 S. C. 457. *Claims of homestead are superior and paramount to claim of rents and profits set up against such claims by the plaintiffs as tenants in common:* 77 S. C. 112; 107 S. C. 364. *Equitable interest in lands subject to right of home-*

*stead:* 64 S. C. 82.  *Rents and profits due by one cotenant to another do not constitute a lien:* 81 S. C. 282.

*Mr. F. A. Miller,* for respondents, cites: *Circuit Judge within his discretion to recommit report of master for further testimony:* 67 S. C. 151.  *Appellants cannot claim homestead exemption because they cannot carve such an estate out of respondents' property:* 14 S. C. 19.  *Distributee cannot claim homestead in his share against amount found due by him to the estate:* 77 S. C. 112; 107 S. C. 364. *A cotenant cannot carve an estate of exemption out of the rights of his cotenant:* Ann. Cas. 1914b, 855; Ann. Cas. 1914b, 852; 33 Am. St. Rep. 228; 63 Am. Dec. 125.  *And are now precluded from setting up a claim of homestead because they did not plead any such right:* 70 S. C. 403. *Where cotenants are well known and easy of access, and improvements are made by one without consultation with the others, they are made at the risk of the improving tenant:* 24 S. C. 264.  *One cannot claim betterments when they would work inequity against another:* 26 S. C. 39.  *In accounting for rents and profits, occupying tenant may be allowed as a set-off, not the cost of the improvements, but the increased value resulting from such improvements:* 53 S. C. 353; 24 S. C. 265; 71 S. C. 127.  *Improvements must have been made under an honest belief that he had fee simple title:* 21 S. C. 592.  *Where parties make improvements after action against them for possession for land, they have no right to the value of the improvements so erected:* 18 S. C. 604.  *Within discretion of Circuit Judge to dispense with writ of partition:* 1 Civ. Code 1912, sec. 3525.

October 11, 1920.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This is the third appeal in this case.  See 108 S. C. 271, 94 S. E. 19, 2 A. L. R. 438, and 109 S. C. 451, 96 S. E. 157.

The second appeal was by defendants from several orders made in the cause, among others, an order appointing a receiver and an order of reference. Plaintiffs moved this Court to dismiss that appeal; and, on consideration of their motion, we found it necessary to consider the merits of the orders appealed from. We held that the facts were not sufficient to warrant the appointment of a receiver, and that the order of reference was too restricted in its scope. Having so reviewed the orders on their merits and pointed out wherein they were wrong, we said there was no longer any reason for the further prosecution of the appeal, and dismissed it, and remanded the case to the Circuit Court, with direction to proceed according to the views announced in our opinion.

When the case went back, plaintiffs contended that, as we did not in so many words reverse or modify the orders appealed from, they were not affected by the conclusions we announced as to their merits. Such an unequivocal 1, 2 declaration of error in the orders as we made in our opinion rendered unnecessary a distinct judgment of reversal or modification, especially in view of the mandate to proceed according to the views therein announced. The necessary effect of our decision was to vacate the order appointing a receiver and enlarge the scope of the order of reference so as to allow defendant to introduce evidence of betterments made by them on the lands sought to be partitioned.

While that appeal was pending in this Court, the testimony was taken and reported to the Court under the order of reference appealed from. Our decision was filed in April, 1918. No further step was taken by either side until the succeeding term of the Circuit Court in July, when plaintiffs called up the case for hearing. Defendants objected to the hearing upon the testimony then before the Court, and asked for an order recommiting the case to the

referee for the purpose of allowing them to offer their evidence of betterments, in accordance with the views announced in the decision of this Court. This motion was overruled, and the case was heard on the testimony that had been reported.

One reason assigned by the Court for refusing defendant's motion was that this Court did not vacate the order of reference. As we have already indicated, that reason was unsound. Another was that defendants had from the last of April until the case was called for hearing in July to proceed according to the decision of this Court, and took no steps to do so. That reason overlooks the fact that plaintiffs are primarily the actors in the case, and that it was incumbent upon all parties, including the Court, to see that the further proceedings should be according to the mandate of this Court. Either side to a cause may take the necessary steps to speed it to a hearing, and, therefore, while defendants may have taken such steps, it was no more obligatory upon them than upon the plaintiffs to do so.

Plaintiffs contend further that some testimony as to betterments had been taken without objection, and that any other testimony which defendants desired to offer on that issue would have been taken, because as they now contend, the order of reference was broad enough to admit testimony on that issue, since it was therein provided that the referee had "leave to report testimony in relation to any special matter arising under the decision of the Supreme Court herein." The words quoted referred to the decision of this Court on the first appeal, in which nothing is said about betterments; for up to that time no issue thereabout had arisen.

When the case went back after our decision on the first appeal, the plaintiff moved for an order of reference and proposed an order which limited the scope of the testimony to be taken to two issues, to wit, rents and profits received

or rental value, and whether partition in kind was practicable. Defendants moved the Court to enlarge the scope of the order so as specifically to allow them to offer testimony as to betterments, and their motion was resisted by plaintiffs and refused by the Court, but the Court did modify the order by adding the words above quoted. But, as we have said, the issue of betterments did not arise under the decision of this Court on the first appeal, but nnder the application of defendants, after the filing of that decision, to be allowed to set up their claim for betterments. Therefore it was at least doubtful from the terms of the order, and made more so by plaintiffs' resistance to defendants' motion to enlarge its scope so as specifically to provide for testimony on that issue and the Judge's refusal to so enlarge it, whether testimony on that issue could properly have been taken. It appears to have been so considered on the former appeal, for we deem it necessary to decide that point, and said: "Judge Spain's order of reference should have been broad enough in scope to allow defendants to introduce testimony as to betterments made by them upon the lands."

The Circuit Court was of the opinion that defendants would suffer no prejudice because of its refusal to recommit the case for further testimony as to betterments, "because," said the Court, "the matter of betterments is necessarily before the Court in the determination of the rents and profits for which defendants are accountable." The testimony that was taken as to improvements was referable to the issue as to the rental value of the land, an issue that was specifically within the terms of the reference, and it tended to show that the rental value of several tracts was increased by improvements made upon them by these defendants who respectively claimed to be the owners thereof. But there was no testimony as to the actual value of the improvements themselves. How, then, could the Court have given credit for them to the defendants who

made them? It follows that his Honor was in error in supposing that defendants would suffer no prejudice by reason of the lack of testimony on the issue of betterments.

Besides, it appears that the Court allowed the evidence of improvements made on one or two of the tracts to affect the average rental value found for all the tracts; and, as to some features of the case, the Court appears to have regarded all the defendants as tenants in common with plaintiffs of all the lands conveyed by William Tedder, Sr. Clearly this was wrong. William Tedder, Sr., the ancestor of plaintiffs and grantor of defendants, conveyed different tracts to each of his illegitimate sons named in the deeds. It was held on the first appeal that, under the statute, the deeds were void as to plaintiffs, except as to one-fourth of the lands so conveyed. The effect of that decision was to make the plaintiffs and the grantee of each tract so conveyed tenants in common of that tract, but the grantees of different tracts are not tenants in common with each other. Therefore the Court was in error in allowing the improvements made on some of the tracts to affect the average rental value put upon all of them. The owner of the one-fourth interest in each tract is alone entitled to the benefits of the improvements made by him upon that tract in determining the rental value thereof for which he shall account to plaintiffs.

For the same reason, the Court was in error in considering the several tracts as an entire body of land and all the plaintiffs and defendants as cotenants thereof in determining whether partition in kind was practicable. That issue must be determined upon consideration of the facts and circumstances pertinent to the holdings of each of the several grantees; for instance, although it may appear that partition in kind is impracticable, if all the plaintiffs and defendants be considered as cotenants of all the lands conveyed, yet it may appear that partition of the tract

or tracts conveyed to one or more of the illegitimates would be feasible, if only the interests of those who are cotenants thereof be considered. One of the grantees acquired by several deeds a number of tracts, aggregating a larger acreage than any of the others. These tracts may be considered together in deciding whether partition in kind between plaintiffs and the grantee thereof is practicable. But the case of that grantee should not be prejudiced (as may have been done) by considering all the other grantees as interested in his tract, and thereby so increasing the number of cotenants as to make partition in kind impracticable.

Appellants err in their contention that the issuance of a writ in partition is necessary to determine whether partition in kind is practicable. In many, perhaps in most, cases, the Court is quite as capable of deciding that issue correctly upon testimony as commissioners in partition would be after viewing the premises; and the statute expressly gives the Court the power to do so. Volume I, Civil Code, section 3525; *McCrady v. Jones,* 36 S. C. 136, 15 S. E. 430.

Appellants are also in error in contending that it was necessary to recommit the case to the referee to take testimony upon their claim of homestead. That was an issue of law, and the Court's conclusion thereabout was right. A tenant in common will be allowed his homestead in the common property as against the claims of his creditors, but not as against the claims of his cotenants, so as to defeat their right to partition, or an accounting for rents and profits received by him. The right of partition, which includes the right to such accounting, is paramount to the occupying cotenant's claim of homestead in the common property, because, as between cotenants, the ultimate interest and right of each in and to the common property depends upon an adjustment of the equities between him and his cotenants. *Vaughan v. Langford,*

81 S. C. 282, 288, 62 S. E.. 316, 128 Am. St. Rep. 912, 16 Ann. Cas. 91. That is one reason why a homestead cannot be set off to a cotenant until after partition. *Nance v. Hill,* 26 S. C. 227, 1 S. E. 897. The decisions in other jurisdictions upon this point are conflicting. But the rule above stated has been recognized and followed in this State too long to be questioned. *Edwards v. Edwards,* 14 S. C. 11; *Small v. Usher,* 77 S. C. 112, 57 S. E. 623.

The judgment of the Circuit Court is accordingly modified, and the case is remanded for further proceedings not inconsistent with the views herein and heretofore announced by this Court.

Modified.