## 11153

### TEDDER v. TEDDER
#### (116 S. E., 436)

1. APPEAL AND ERROR—APPELLANTS HAVE BURDEN OF SHOWING THAT TRIAL JUDGE'S FINDING WAS AGAINST PREPONDERANCE OF EVIDENCE.—Appellants have the burden of showing the Supreme Court that the finding of the trial Court was against the preponderance of the evidence.

2. TENANCY IN COMMON—COTENANT HAS NO LIEN FOR RENTS AND PROFITS AGAINST ANOTHER COTENANT.—One cotenant has no lien for rents and profits against the share of another cotenant.

3. LIS PENDENS—CANNOT CREATE LIEN AGAINST SHARE OF COTENANT IN PARTITION PROCEEDING.—In a petition proceeding a lis pendens cannot create a lien against the share of a cotenant.

4. PARTITION—MORTGAGEE OF COTENANT'S SHARE NEED NOT INTERVENE PRIOR TO DECREE FOR SALE.—It is not necessary for mortgagee of a cotenant's share to intervene in partition proceeding until it is decided that the land should not be divided in kind, but should be sold for partition.

Before McIVER, J., and PEURIFOY, J., Darlington, August, 1918, and March, 1922. Modified.

Action by John D. Tedder and others against William Tedder, Jr., *et al.* From decree the plaintiffs and the defendants, E. O. Woods, A. Hyman, J. P. Kirven and Henry T. Thompson, appeal.

NOTE: For liability of cotenants to account for use and occupation, and rents and profits, see notes in 28 L. R. A., 829; 29 L. R. A. (N. S.), 224, and L. R. A. 1918B, 606.

*Mr. George E. Dargan,* for appellants, Woods and Kirven, cites: *Lien of appellant's mortgages paramount:* 81 S. C., 282. *Intervention necessary and proper:* 19 S. C.. 337. *Party entitled to charge for help in obtaining a pardon:* 20 R. C. L., 525, Sec. 6; 6 R. C. L., 766, Sec. 173; 13 C. J., 434, Sec. 370.

*Mr. F. A. Miller,* for plaintiffs-respondents, and appellants, cite: *Intervention should not have been permitted:* 77 S. C., 410. *Estopped by laches:* 11 Enc. Pl. & Pr., 503; 19 S. C., 337. *Purchaser pendente lite has no absolute right to intervene:* 131 U. S., 352; 17 R. C. L., 1031; Bail. Eq., 479; 71 S. C., 1; 105 S. C., 445. *Mortgages given pendente lite have no lien paramount to lien for rents and profits:* 81 S. C., 287; 99 S. C., 265; 100 S. C., 327. *Contract to procure pardon against public policy and void:* 103 S. C., 305; L. R. A. 1916-D, 580; 13 C. J., 434. *Improvements by cotenant are made at his risk:* 24 S. C., 264; 26 S. C., 39; 53 S. C., 353; 21 S. C., 592; 18 S. C., 604. *Measure of claim for betterments:* 71 S. C., 127.

*Mr. T. C. Cork,* for A. Hyman, appellant, cites: *Cotenant must account for rents:* 5 Strob. L., 26; 81 S. C., 282. *Mortgages to secure future advances are valid:* Pom. Eq. Jur., Sec. 1197, 1198.

March 15, 1923.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is the fourth appeal herein (108 S. C., 271; 94 S. E., 19; 2 A. L. R., 438; Id., 109 S. C., 451; 96 S. E.. 157; Id., 115 S. C., 91; 104 S. E., 318), this being an appeal from the decree of his Honor, Judge Peurifoy. The exceptions, 15 in number, both by plaintiffs and interveners, allege that the findings of his Honor were erroneous; the contention of the plaintiffs being that the claims of the intervening lien creditors are barred by laches, and that the

348                    TEDDER v. TEDDER

mortgage of. J. P. Kirven is invalid, and that the Circuit
Judge erred in not so holding. The plaintiff also challenges
the correctness of allowing A. Hyman anything, either in
his own claims or that as assignee of Henry T. Thompson.
The appellants, Woods and Kirven, by their appeal raise
the question : Are the plaintiffs' claims for rents and profits
prior and paramount to the liens of said mortgages? Are
the appellants' claims barred by laches? Is the mortgage
of J. P. Kirven invalid?

His Honor found in favor of the validity of the
mortgage of Kirven and the claims of Hyman, the
plaintiffs-appellants have the burden of showing this
court that the finding of his Honor was against the prepon-
derance of the evidence. This they have failed to do, and
the exceptions raising this question must be overruled.

As to the exceptions complaining that his Honor
was in error in deciding that plaintiff's claim for
rents and profits was proper and superior to the
liens of said mortgage: That the plaintiffs had no lien
on the lands in question for rents and profits is conclusively
decided by the case of *Vaughan v. Langford,* 81 S. C.,
282; 62 S. E., 316; 128 Am. St. Rep., 912; 16 Ann. Cas.,
91, and by reference to this decision the true rule can be
found.

From this it is apparent that, if there was notice of
*lis pendens,* and if the land were divided in kind,
the part awarded defendants would not be charged
with a lien in favor of plaintiffs for rents and profits. From
the fact that *lis pendens* did not have the effect of creating
such a lien, the plaintiffs do not have a lien superior for
rents and profits, and the claims of appellants as mortga-
gees to the proceeds of one-fourth of the lands are superior
and paramount to all other claims, including plaintiff's
claim for rents and profits. It was not necessary for de-
fendants to intervene until it was decided that mortgagors

title was invalid as to three-fourths of the land in question and that lands should not be divided in kind, but sholud be sold for partition. Until these questions were disposed of, to have intervened would have been premature and useless.

If the Court had decided that land should be divided in kind and not sold, and one-fourth set off to the defendant, intervention would have been unnecessary, because defendants would have received their part of the land, subject to the mortgages, unimpaired. Appellants intervened as soon as it was decided that their mortgages were invalid as to three-fourths of the land in question, and land must be sold for partition, and it was not until then that intervention was necessary and proper. They acted promptly and intervened at the same term of the Court that it was decided that plaintiffs had three-fourths of the land, and lands ordered sold for partition.

These exceptions are sustained, and decree of his Honor should be modified to this extent.

Judgment modified.

MR. CHIEF JUSTICE GARY and MR. JUSTICE MARION concur.

MR. JUSTICE FRASER disqualified.